UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRIAN CARMICHAEL,                         :
                                               :
                 Petitioner,            :
                                               :
                                             :
                 -against-              :      14 Civ. __
                                             :
PAUL CHAPPIUS, Superintendent,     :
  Elmira Correctional Facility,         :
                                             :
                 Respondent.       :
------------------------------------------------------------x

## PETITION FOR A WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

      To the Honorable Judge of the United States District Court for the Southern District of New York:

      [Preliminary explanation: The allegations in this petition are in the form dictated by the Model Form for use in applications for habeas corpus under 28 U.S.C. § 2254 cases in the United States District Courts.]

      Paragraphs one through twelve state the history of the state court proceedings; paragraph thirteen lists the exhibits; paragraphs fourteen through twenty-eight state the federal constitutional claims; paragraphs twenty-nine through thirty-two contain required technical information.

## Procedural History

1.   The name and location of the court which entered the judgment of conviction and sentence under attack is:  Supreme Court of the State of New York, New York County.

2.  The date of the judgment of conviction is December 10, 2007.

3.   Brian Carmichael was sentenced to three concurrent prison terms of seventeen years, to be followed by five years of post-release supervision.  Mr. Carmichael is confined at Elmira Correctional Facility, PO Box 500, 1879 Davis Street, Elmira, NY, 14901, under the legal custody of the respondent, Paul Chappius, who is the Superintendent of Elmira Correctional Facility.  Mr. Carmichael's prison number is 07A6941.

4.   The offenses involved are three counts of criminal sale of a controlled substance in the second degree, N.Y. Penal Law § 220.41(2).

5.  Mr. Carmichael pleaded not guilty to the offenses charged.

6.  The trial on the issue of guilt or innocence was conducted before a jury.

7.  Mr. Carmichael did not testify at trial.

8.  Mr. Carmichael appealed his conviction.

9.  The facts of Mr. Carmichael's state court direct appeal are as follows:

> The Appellate Division, First Department, of the Supreme Court of the
> State of New York affirmed Mr. Carmichael's conviction on May 25,
> 2010.  People v. Carmichael, 73 A.D.3d 622 (N.Y. Sup. Ct. 1st Dep't
> 2010), lv. denied, 16 N.Y.3d 797 (2011), Exs. B-1, B-2.  This order
> affirmed a judgment of conviction rendered on December 10, 2007, by
> the Supreme Court, New York County (Straus, J.), convicting Brian
> Carmichael, after a jury trial, of three counts of criminal sale of a
> controlled substance in the second degree, N.Y. Penal Law § 220.41(2),
> and sentencing him to three concurrent prison terms of seventeen years,
> to be followed by five years of post-release supervision.

10.  Mr. Carmichael petitioned for a writ of certiorari to the United States
Supreme Court to review the judgment of the Supreme Court of New York, Appellate
Division, First Department.  The petition was denied on October 3, 2011.  Carmichael
v. New York, 132 S. Ct. 199 (2011), Ex. B-3.

11.  Subsequently, on August 21, 2012, Mr. Carmichael filed a motion to
vacate the judgment of conviction, pursuant to New York Criminal Procedure Law

Section 440.10.  The motion was denied by an order of the Supreme Court, New York County (Hayes, J.S.C.), dated December 14, 2012.  <u>See</u> Ex. C-2.  Mr. Carmichael sought leave to appeal to the Supreme Court, Appellate Division, First Department, and an order granting leave to appeal was issued on May 8, 2013.  <u>See</u> Ex. C-3.  By a decision dated June 24, 2014, the Supreme Court, Appellate Division, First Department, affirmed the motion court's decision.  <u>People v. Carmichael</u>, 118 A.D.3d 603 (N.Y. Sup. Ct. 1st Dep't 2014), Ex. C-4.  Mr. Carmichael sought leave to appeal to the New York Court if Appeals, which was denied by an order dated November 12, 2014.  <u>See</u> Ex. C-5.

12.  Brian Carmichael has filed no other proceedings in state or federal court challenging his judgment of conviction and sentence.

<u>CITATION TO PETITIONER'S EXHIBITS</u>

13.  Undersigned counsel is filing, contemporaneously with filing the Petition for a Writ of Habeas Corpus, exhibits containing relevant documents from the record in the State trial and appellate courts.  These exhibits consist of three categories and are designated as Exhibit A through Exhibit C.  References to these documents in the Petition and accompanying Memorandum of Law will be cited as "Ex. [letter]."   The exhibits are as follows:

4

Exhibit A:  Minutes of Voir Dire, <u>People v. Brian Carmichael</u>, N.Y. Co. Ind. No. 870/07

Exhibit B:  Documents pertaining to the direct appeal to the New York Supreme Court, Appellate Division, First Department:

| | |
|---|---|
| Exhibit B-1: | Decision of the New York Supreme Court, Appellate Division, First Department, dated May 25, 2010 |
| Exhibit B-2: | Certificate Denying Leave to Appeal to the New York Court of Appeals, dated February 24, 2011 |
| Exhibit B-3: | Certificate Denying Certiorari, dated October 3, 2011 |

Exhibit C:  Documents pertaining to the Motion to Vacate the Judgment:

| | |
|---|---|
| Exhibit C-1: | Affirmation of James Palumbo, Esq., dated June 26, 2012 |
| Exhibit C-2: | Decision of the New York Supreme Court (Hayes, J.S.C.), dated December 14, 2012 |
| Exhibit C-3: | Certificate Granting Leave to Appeal, to the New York Supreme Court, Appellate Division, First Department, dated May 8, 2013 |
| Exhibit C-4: | Decision of the New York Supreme Court, Appellate Division, First Department, dated June 24, 2014 |
| Exhibit C-5 | Certificate Denying Leaving to Appeal to the New York Court of Appeals, dated November 12, 2014 |

5

<u>GROUNDS OF UNCONSTITUTIONALITY OF
PETITIONER'S CONVICTION AND SENTENCE</u>

14.  This petition for a writ of habeas corpus contains the basic facts in support of the constitutional issues presented by this case.  A more extensive memorandum of law in support of the petition is being filed contemporaneously with this petition.  On the constitutional issues raised in this petition, the state court "adjudication of the claim . . . resulted in a decision that was contrary to, [and] involved in an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Further, the state court decision on the relevant factual question – whether a prima facie claim of discrimination in the exercise of peremptory challenges had been established – was unreasonable, when viewed under the required "clear and convincing" standard.  <u>See</u> 28 U.S.C. § 2254(d)(2).

<u>BRIAN CARMICHAEL'S RIGHTS UNDER BATSON V.
KENTUCKY WERE DENIED BY APPLICATION OF A NEW
YORK STATE RULE IN CONTRAVENTION OF BATSON.</u>

15.  At Mr. Carmichael's trial in state court, the defense made four <u>Batson</u> challenges based on a stark pattern of exclusion of African-American individuals from the jury by the prosecutor.  While clearly established federal constitutional law, as set out by the Supreme Court in <u>Batson</u>, makes clear that this stark pattern

6

was sufficient to meet the "non-onerous" burden of demonstrating a prima facie case of discrimination in the exercise of peremptory challenges, the state courts applied a heightened New York rule and denied the <u>Batson</u> challenges.  In applying the New York rule, which requires "other facts or circumstances" in addition to numerical evidence, the state courts both acted contrary to clearly established federal law, and unreasonably applied that law.

<u>Background</u>

16.  Brian Carmichael was sentenced to three concurrent prison terms of seventeen years after being convicted of selling small amounts of methamphetamine to Denise May, a drug dealer and the main prosecution witness. Ms. May testified that, on three occasions, on November 3, 16, and 22 of 2006, she bought methamphetamine from Brian Carmichael and that she, after taking her profit of thirty-five percent, T. 918,[1] sold the drugs in question to a person she believed to be a drug dealer.  This person was, in fact, an undercover police officer.

---

[1] The trial transcript is cited as "T." followed by the page number.

<u>Jury Selection:  Relying on New York's "Other Facts or
Circumstances" Rule, the Trial Court Denies Each of the Four
Defense Batson Challenges</u>

17.  After the first round of jury selection, defense counsel made a challenge

pursuant to <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), based on the fact that the

prosecution had used peremptory challenges to remove all the African-American

members of the panel.  VD. 180-81.[2]  As counsel explained, the panel was "sparse

of minorities," VD. 181, and the prosecutor had used peremptory challenges to

remove the only two African-American members of the venire, VD. 181,

demonstrating a "pattern," VD. 181, of excluding African-American individuals

from the jury.   Even with an exclusion rate of 100 percent, the court rejected the

challenge based on its conclusion that the defense had failed to establish a prima

facie case of discrimination.  VD. 181-82.  The judge's reasoning was as follows:

"that <u>by itself</u> does not constitute prima facie showing of a pattern of use of

strike[s] in a discriminatory way requiring us to go on to step two of the Batson

procedure."  VD. 181 (emphasis added).  The judge further stated that he was

relying on <u>People v. Brown</u>, 97 N.Y.2d 500 (2002), the New York Court of

Appeals case that sets out the "other facts or circumstances" rule.  VD. 182.

---

[2] The transcript of the voir dire, conducted September 17-20, 2007, is cited as "VD."
followed by the page number.

18.  The next day, after the second round of jury selection, the defense renewed its Batson application, based on the fact that three of the four African-American members of the first two panels (i.e. an exclusion rate of 75 percent) had been struck by the prosecution using peremptory challenges.  VD. 320-21. Defense counsel explained, "We only considered four African Americans so far three of which have been [peremptorily] challenged by the People."  VD.  321. (The fourth African-American individual, Ms. Boyd,[3] had been selected as a juror. VD. 320, 321.)  In again finding the defense had failed to establish a prima facie case, the judge explained, "the statistical basis is not sufficient alone to raise a discriminatory use of a free peremptory challenge under New York law."  VD. 323.   (Also, while not factoring this into his decision, the trial judge stated that Yalira Velarde, who was struck by the defense by use of a peremptory challenge, was African-American.  VD. 321-22.  Defense counsel noted that he believed Ms. Velarde was Hispanic, and not African-American.  VD. 322.  On the question of Ms. Velarde's race/ethnicity, the judge ended the discussion by stating:  "I am not saying you are right and I am wrong or the opposite."  VD.  322.)

19.  When the prosecution peremptorily challenged the very next African-American member of the venire, the defense made its third Batson challenge.

---

[3] This name also appears as "Bode" in the transcript.

Counsel explained:   "Ms. Simmons is African American and it's now four out of five.  Only had five."  VD.  323B.  Counsel continued, "I think at some point it becomes clear that there's a Batson issue here.  I think we've reached that point.  I would ask your Honor to make assistant district attorney Bayles state his reasons for his challenge[s] at this point."  VD. 323B.  At the time of the third <u>Batson</u> challenge, defense counsel estimated that 140 individuals had been considered during the two days of voir dire, and that only five had been African-American.  VD. 323B.  (The trial judge took the position that six individuals were African-American, as he included Ms. Velarde in this group, even though the question of her race/ethnicity remained unresolved.  <u>See supra</u>; VD. 322.)

20.   Again relying on New York law, the trial judge found the numerical evidence presented by the defense insufficient to establish a prima facie case of discrimination in the exercise of peremptory challenges.  VD. 323B-C.  He explained, "Again under the case law of our state . . . decision on the percentage aspect of the challenges under New York law pursuant to our court of appeals are generally not sufficient to raise or recreate an inference or create a prima facie case of discriminatory use of peremptory challenges."  VD. 323B-C.  The trial judge further stated, "If that's the basis of the challenge I note it.  Whether in your mind it's the five, my calculation four out of six, that's the only basis for the

10

challenge then the challenge or objection has to be denied." VD. 323C.
Demonstrating his understanding that numerical evidence, specifically the
exclusion rate, is sufficient to establish a prima facie case of discrimination in the
exercise of peremptory challenges, defense counsel stated, "I don't know what
other basis there could possibly be, other than statistical basis on its face has to be
based on the number that we consider and the number of challenges exercised. I
don't see any potential basis that I can cite other than the numbers." VD. 323C.

21. The defense made a fourth and final Batson application after the
prosecution used peremptory challenges to remove the only two African-American
individuals being considered as alternate jurors. VD. 420. Considering not only
the alternate pool, but all the panels, defense counsel explained that, of the
approximately 210 individuals who had been considered for the jury, eight were
African-American, and the prosecution used peremptory challenges to remove six
of those eight individuals from the jury. VD. 420. He stated, "I see a clear pattern
of challenging African Americans." VD. 420. In response, the trial judge
confirmed that the defense was again relying on statistical evidence, specifically
the exclusion rate, in establishing a prima facie case of discrimination in the
exercise of peremptory challenges. He asked, "That's the basis of your challenge
or objection to the exercise of peremptory challenges?" VD. 421. The trial judge

11

again found statistical evidence insufficient to meet the burden of establishing a

prima facie case of discrimination.  He explained, "the statistical analysis <u>by itself</u>

does not . . . create a prima face case requiring us to go on to step two of the

analysis so the challenge must be denied."  VD. 421 (emphasis added).

<u>New York's "Other Facts or Circumstances" Rule, for Establishing a Prima Facie
Case of Discrimination in the Exercise of Peremptory Challenges</u>

22.  The rule that the trial judge applied in response to Mr. Carmichael's

four <u>Batson</u> challenges was articulated in <u>People v. Brown</u>, 97 N.Y.2d 500 (2002).

In <u>Brown</u>, the New York Court of Appeals held that, "A disproportionate number

of strikes used against members of a particular racial or ethnic group may be

indicative of a discriminatory pattern, but such a fact is rarely conclusive in the

absence of other facts or circumstances."  <u>Id.</u> at 507.  In <u>People v. Hecker</u>,

15 N.Y.3d 625 (2010), the New York Court of Appeals re-affirmed the <u>Brown</u>

holding, <u>id.</u> at 651, and explained that, absent a 100 percent exclusion rate,  New

York law requires "other factors [in addition to numerical evidence] on the record

to meet the step one burden."  <u>Id.</u> at 653-54.  This clear rule of New York law is

consistently followed by the lower New York courts, as in Mr. Carmichael's case.

<u>See</u>, <u>e.g.</u>, <u>People v. Santos</u>, 105 A.D.3d 1064, 1065 (N.Y. Sup. Ct. 2$^{\text{d}}$ Dep't 2013);

<u>People v. Simmons</u>, 84 A.D.3d 1120, 1121-22 (N.Y. Sup. Ct. 2$^{\text{d}}$ Dep't 2011);

People v. Cobb, 77 A.D.3d 673, 673 (N.Y. Sup. Ct. 2$^d$ Dep't 2010); People v.

Hunt, 50 A.D.3d 1246, 1247 (N.Y. Sup. Ct. 3$^d$ Dep't 2008); People v. Glenn,

7 A.D.3d 314, 315 (N.Y. Sup. Ct. 1st Dep't 2004).

### Applying the New York "Other Facts or Circumstances" Rule, the Intermediate Appellate Court Affirms the Trial Court's Finding of No Prima Facie Case of Discrimination

    23. Brian Carmichael appealed his conviction to the Appellate Division,

First Department.  With respect to the Batson issue presented in this petition, the

First Department held:

> The court properly denied defendant's applications made pursuant to Batson v. Kentucky, 476 U.S. 79 (1986).  Viewing jury selection as a whole, we conclude that defendant did not meet his burden at step one of the inquiry.  Defendant did not produce "evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred" in the exercise of peremptory challenges (Johnson v. California, 545 U.S. 162, 170 (2005)). While numerical evidence may suffice, in this case it did not warrant an inference of discrimination.

People v. Carmichael, 73 A.D.3d 622 (N.Y. Sup. Ct. 1st Dep't 2010), Ex. B-1.  Mr.

Carmichael sought leave to appeal to the New York Court of Appeals, which was

denied.  People v. Carmichael, 16 N.Y.3d 797 (2011), Ex. B-2.  Mr. Carmichael

then sought a writ of certiorari, which was denied.  Carmichael v. New York,

132 S. Ct. 199 (2011), Ex. B-3.

BRIAN CARMICHAEL WAS DENIED HIS CONSTITUTIONAL
RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY HIS
ATTORNEY'S LACK OF AWARENESS OF THE NEW YORK
STANDARD FOR ESTABLISHING A PRIMA FACIE CASE OF
DISCRIMINATION IN THE EXERCISE OF PEREMPTORY
CHALLENGES.

24. A minimum requirement of effective counsel is knowledge of the

prevailing law.  Mr. Carmichael's trial attorney has admitted, however, that he was

unaware that the New York courts apply a heightened "other facts or

circumstances" rule to Batson challenges based on numerical evidence.  Unaware

of the controlling New York law, counsel was unable to effectuate Mr.

Carmichael's rights under Batson.  This serious lapse denied Mr. Carmichael of

his right to effective assistance of counsel.  U.S. Const. amends. VI, XIV;

Strickland v. Washington, 466 U.S. 668, 688 (1984).

Brian Carmichael Moves to Vacate the Judgment by Way of a State Criminal
Procedure Law Section 440.10 Motion

25. Subsequent to his conviction being affirmed by the Appellate Division,

First Department, Mr. Carmichael moved, pursuant to New York Criminal

Procedure Law Section 440.10, to vacate the judgment of conviction, based on,

inter alia, trial counsel's lack of awareness of New York's "other facts or

circumstances rule," which controls the establishment of a prima facie case of

discrimination in the exercise of peremptory challenges.  Mr. Carmichael

14

demonstrated that there were a number of "other facts or circumstances" that could have met the New York standard, but which trial counsel failed to articulate as part of his <u>Batson</u> challenges.  In <u>Brown</u>, the New York Court of Appeals gave as an example of "other facts or circumstances," that the members of the panel had "proprosecution backgrounds."  97 N.Y.2d at 507.  There was ample proof of this kind in this case, but defense counsel – due to his lack of understanding of his obligations under New York law – failed to provide it.  Ms. Boiken,[4] who was peremptorily challenged by the prosecution, volunteered that her aunt was a New York Police Department lieutenant, VD. 107-08, 146; similarly, Ms. Simons volunteered that her uncle was a retired member of the FBI.  VD. 250.  Also, Ms. Hamilton[5] and Ms. Grant both volunteered that they had multiple friends and family members who were members of law enforcement.  VD. 101-02, 248.

26.  As part of his motion to vacate the judgment of conviction, Mr. Carmichael submitted a sworn statement from trial counsel in which counsel explained, "I made four <u>Batson</u> applications, as it appeared that the prosecutor was attempting to remove African-American individuals from the jury.  The pattern of the prosecutor's peremptory strikes was very stark, so I relied on the numerical

---

[4] This name also appears as "Boyton" in the transcript.

[5] This name also appears as "Hampton" in the transcript.

pattern.  At the time, I believed this was sufficient to meet my burden at step one

of <u>Batson</u>."  Affirmation of James Palumbo, Esq., dated June 26, 2012, at Ex. C-1,

¶ 7.  Counsel further stated, "When I spoke to [appellate counsel], she told me that

there are a number of [New York] cases that say that, at step one, a lawyer has to

provide other evidence of discrimination – beyond the numerical pattern.  I had

never understood this to be the moving party's burden at step one – I had thought

the moving party was not required to provide this type of 'other' information

unless the <u>Batson</u> application progressed to step three."  <u>Id.</u>

     27.  The trial-level court denied the motion.  With respect to the aspect of

Mr. Carmichael's claim of ineffective assistance of counsel dealing with trial

counsel's failure to understand and act in accordance with New York law

regarding <u>Batson</u>, the motion court suggested that additional evidence is not

always "required" at step one of <u>Batson</u>, under New York law.  <u>See</u> Decision of

Roger S. Hayes, J.S.C, dated Dec. 14, 2012, at Ex. C-2, at 11.  In the alternative,

with respect to this aspect of the claim of ineffective assistance of counsel, the

motion court found that Mr. Carmichael failed to demonstrate that he would have

ultimately prevailed with the <u>Batson</u> challenges.  <u>Id.</u>

     28.  Mr. Carmichael sought and was granted leave to appeal by the

intermediate appellate court, which ultimately affirmed the lower court's decision

denying the motion to vacate.  <u>People v. Carmichael</u>, 118 A.D.3d 603 (N.Y. Sup.

Ct. 1st Dep't 2014), C-4.  Regarding counsel's failure to meet the New York

standard for establishing a prima facie case of discrimination in the exercise of

peremptory challenges, the intermediate appellate court stated:

> Regardless of whether counsel should have made a more detailed
> attempt to establish a prima facie case of discrimination pursuant to
> <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), defendant has not shown
> that such efforts would have ultimately resulted in the seating of any
> jurors peremptorily challenged by the prosecutor.  In any event,
> defendant has not shown that any <u>Batson</u> violation resulted in an
> unfair jury (<u>see</u> <u>Morales v. Greiner</u>, 273 F. Supp.2d 236, 253
> (E.D.N.Y.2003)).

<u>Id.</u>  Mr. Carmichael sought leave to appeal this decision to the New York Court of

Appeals, which was denied.  <u>See</u> Ex. C-5.

<u>REQUIRED INFORMATION</u>

29.  There are no petitions or appeals pending presently in any state or

federal court relating to the judgment under attack.

30.  Brian Carmichael was represented by the following attorneys:

a)  in the trial court, by James Palumbo, Esq., 12516C Queens Blvd., Kew

Gardens, New York 11415-1503.

b) on appeal, in a motion to vacate the judgment of conviction, and on a

petition for certiorari, by Richard M. Greenberg, Esq., Office of the

17

Appellate Defender, 11 Park Place, Suite 1601, New York, New York 10007.

31.  Brian Carmichael was sentenced on more than one count of an indictment, but was not sentenced on more than one indictment in the same court at the same time.

32.  Brian Carmichael is not serving any sentence other than the sentence under attack in this proceeding.

WHEREFORE, Brian Carmichael prays that this Court:

1.  Issue a writ of habeas corpus to have Petitioner brought before it to the end that he may be discharged from his unconstitutional confinement;

2.  Permit Petitioner, who is indigent, to proceed without prepayment of costs or fees;

3.  Require Respondent to furnish a transcript of the entire trial and state post-conviction record pursuant to Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts; and,

4.  Grant such other and further relief as may be just and proper.

Dated:       New York, NY
             December 10, 2014

Respectfully submitted,


_____
RICHARD GREENBERG, ESQ. (RG-5556)
SARA GURWITCH, ESQ.
Attorneys for Petitioner Brian Carmichael
OFFICE OF THE APPELLATE DEFENDER
11 Park Place, Suite 1601
New York, New York 10007
(212) 402-4100

19

<u>VERIFICATION</u>

RICHARD M. GREENBERG, ESQ., an attorney duly admitted to practice in the State of New York, hereby affirms under penalties of perjury:

I am an attorney for the Petitioner, BRIAN CARMICHAEL, in this habeas corpus proceeding, and I have read the foregoing petition. As to matters within my personal knowledge, I allege that such matters stated therein are true. As to other matters stated therein, I allege on information and belief that they are true. Such information and belief is based on my examination of court records and transcripts pertaining to this case.

Dated:      New York, New York
            December 10, 2014


                              _____
                              RICHARD M. GREENBERG