UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRIAN CARMICHAEL,

                Petitioner,

           -against-

PAUL CHAPPIUS,

                Respondent.

:
:
:
:
:
:

14 Civ. 10012 (KPF)(AJP)

**ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

          Upon the Petition of Brian Carmichael, praying that a writ of habeas corpus be issued to respondent, requiring said respondent to appear and answer the allegations of the petitioner, and the Court in accordance with Rule 4 of the Rules Governing Sec. 2254 cases in the United States District Court, 28 U.S.C. foll. Sec. 2254, having reviewed the Petition and having determined that the Petition should not be summarily dismissed pursuant to Rule 4, it is hereby

          ORDERED that the Clerk of the Court serve, by certified mail, a copy of this Order, and the underlying Petition,[1] on the Attorney General of the State of New York and on the District Attorney of New York County, and it is further

---

[1] Counsel for Respondent should be aware of the Memorandum of Law also filed by petitioner (Dkt. No. 3).

C:\ORD\Habeas Rule 4

ORDERED that respondent shall file a complete and entire answer to the Petition by February 20, 2015, and that any request for an extension should be made to the undersigned, and it is further

ORDERED that respondent shall file with its answer(s) all relevant parts of the state court record including, but not limited to, the relevant parts of the trial transcript, sentencing minutes, trial court decision, appellate briefs, appellate decisions, and post-trial motions and decisions, and it is further

ORDERED that respondent shall deliver courtesy copies of all such papers to my chambers (500 Pearl Street, Room 1370)[2], and it is further

ORDERED that petitioner's reply brief is due by March 4, 2015, and it is further

ORDERED that the parties are to follow the "Individual Practices of Magistrate Judge Andrew J. Peck," a copy of which is on the S.D.N.Y. website and also is attached.

* * *

The parties shall advise the Court as to whether they jointly consent to decision on petitioner's habeas corpus petition by a United States Magistrate Judge (that is, the undersigned), pursuant to the enclosed forms and explanations.

Each party shall either: (1) sign the consent form to indicate consent and return it to the Court (with a copy to the other side) or (2) inform the Court by letter that the party does not consent.

---

[2] Counsel for petitioner shall file (via ECF) the Appendix referred to but not filed, and provide a courtesy copy to my chambers.

This Order is not meant to in any way interfere with the parties' absolute right to

decision by a United States District Judge, but is merely an attempt at preserving scarce judicial

resources, particularly since the matter has been referred to me for a Report and Recommendation

on this habeas petition, and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

The parties are to notify the Court pursuant to the above procedures by no later than

February 20, 2015.


SO ORDERED.

DATED:      New York, New York
            January 20, 2015


                                    _____
                                    **Andrew J. Peck**
                                    United States Magistrate Judge


Copies to:   Richard M. Greenberg & Sara Gurwitch (ECF)
             Eric T. Schneiderman, Attorney General of
               the State of New York (reg. & cert. mail)
             Cyrus R. Vance, Jr., District Attorney
               of New York County (reg. & cert. mail)
             Judge Failla

3

## INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE ANDREW J. PECK

Cases come before magistrate judges in one of two ways: for one or more specific purposes pursuant to an order of reference by the assigned district judge, or, on consent of the parties, for all purposes pursuant to 28 U.S.C. § 636(c). When a district judge approves an all-purposes consent form signed by counsel, the magistrate judge assumes the role of the district judge. Any appeal is directly to the Court of Appeals and the right to a jury trial is preserved.

It is the uniform practice of the magistrate judges in this District to schedule trials in civil consent cases for firm dates, rather than using a trailing trial calendar or requiring counsel to be available for trial on short notice. Additionally, because magistrate judges rarely try criminal cases, such firm trial dates are unlikely to be changed to accommodate criminal trials. Should counsel wish to consent to have Judge Peck hear their case for all purposes, the necessary form is available at http://www1.nysd.uscourts.gov/judge/peck.

Unless otherwise ordered by Judge Peck, matters before him shall be conducted in accordance with the following practices. These practices are applicable to cases before Judge Peck if the matter is within the scope of the district judge's order of reference or if the case is before Judge Peck for all purposes pursuant to 28 U.S.C. § 636(c). Otherwise, the practices of the district judge to whom the case is assigned apply.

### 1.   Communications With Chambers

**A. Letters.** Except as otherwise provided below, communications with the Court should be by letter. Unless there is a request to file a letter under seal or a letter contains sensitive or confidential information, letters should be filed electronically on ECF. Letters to be filed under seal or containing sensitive or confidential information should be delivered to the Court by fax. Whether filed electronically or not, letters (together with any related exhibits) may not exceed 15 pages in length. Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

**B. Telephone Calls.** In addition to Paragraph 1(D) below, telephone calls to chambers are permitted. For matters other than docketing, scheduling or calendaring, call chambers at 212-805-0036.

**C. Faxes.** Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 15 pages may be faxed without prior authorization. Do not follow with hard copy. The fax number is 212-805-7933.

**D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call Judge Peck's secretary, Diane Gray, at 212-805-0036.

**E. Requests for Adjournments or Extensions of Time.**  All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions.  (If a request contains sensitive or confidential information, it may be submitted by fax in lieu of being filed electronically.)  The letter-motion must state:  (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.  If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least two days prior to the scheduled appearance.  Extension requests usually will not be granted unless they are made reasonably in advance of the date(s) sought to be extended.

**2.**   **Motions**

**A. Pre-Motion Conferences in Civil Cases.**  For discovery motions, follow Local Civil Rule 37.2.  For motions other than discovery motions, pre-motion conferences are not required.

**B. Letter-Motions.**  Letter-motions may be filed via ECF if they comply with the S.D.N.Y. Local Rules and the S.D.N.Y. "Electronic Case Filing Rules and Instructions."  In particular, all requests for adjournments, extensions, and pre-motion conferences (including pre-motion conferences with respect to discovery disputes) should be filed as letter-motions.  A courtesy copy should not be provided to Chambers.

**C. Courtesy Copies.**  Courtesy copies of all motion papers, pleadings, objections and other Court filings (including any correspondence to the District Judge), marked as such, should be submitted for chambers, including in ECF cases.  Courtesy copies are to be provided to Judge Peck's chambers at the time the papers are served on the adversary, regardless of when the motion papers are filed and regardless of whether the motion will be decided by Judge Peck or the District Judge.

**D. Memoranda of Law.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  Memoranda of 10 pages or more shall contain a table of contents.

**E. Filing of Motion Papers.**  Motion papers shall be filed promptly after service.

**F. Oral Argument on Motions.**  Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed.  The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**G. Briefing Schedule.**  Papers in opposition to a motion are to be served 14 days after

service of the motion and reply papers (if any) 7 days thereafter, unless a different schedule has been ordered by the Court.

### 3.    Pretrial Procedures

**A.  Joint Pretrial Orders in Civil Cases.**  Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or within 30 days of decision by the Court of a case-dispositive summary judgment motion, the parties shall submit to the court for its approval a joint pretrial order, which shall include the information required by Federal Rule of Civil Procedure 26(a)(3) plus the following:

      i.   The full caption of the action.

      ii.   The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

      iii.   A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

      iv.   A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

      v.   A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

      vi.   A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

      vii.   Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

**B.  Filings Prior to Trial in Civil Cases.**  Unless otherwise ordered by the Court, each party shall file, along with the Proposed Pretrial Order:

      i.   In jury cases, requests to charge and proposed voir dire questions, and where applicable, a proposed special verdict form.  The parties must submit a single, unified set of proposed jury instructions on the law applicable to the specific case; where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction.  In addition

to the paper copy, an electronic version, in WordPerfect if possible, must be emailed to my secretary at Diane_M_Gray@nysd.uscourts.gov. This email address may not be used for any other submissions absent prior Court approval.

    ii.     In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

    iii.     In all cases, motions addressing any evidentiary or other issues which should be resolved in limine; and

    iv.     In any case where such party believes it would be useful, a pretrial memorandum.

    v.     In all cases, two sets of each party's pre-marked trial exhibits.

Copies of Judge Peck's "standard" jury instructions on the trial process and "standard" voir dire questions are available from chambers.

## 4.    Other Information

    **A. "Rocket Docket."** The parties should be aware that Judge Peck runs a "rocket docket." Discovery disputes should be brought to the Court's attention promptly; in the Court's discretion, belated applications to compel discovery may be denied as untimely.

    **B. Electronic Discovery.** I endorse the "Sedona Conference Cooperation Proclamation," available at www.TheSedonaConference.Org. Counsel also should be familiar with my decision in William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mutual Ins. Co., 256 F.R.D. 134 (S.D.N.Y. 2009), and Judge Grimm's decision in Mancia v. Mayflower Textiles Servs. Co., 253 F.R.D. 354 (D. Md. 2008).

    1

[AJP Rev. as of 9/24/13]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :

                                            :   CONSENT TO PROCEED BEFORE

                   Plaintiff(s),   :   UNITED STATES MAGISTRATE JUDGE

                                            :

      - against -               :   _____ Civ. _____ (    ) (AJP)

                                            :

                                          :

                   Defendant(s).   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED by the undersigned:

      1. All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgment.

      2. Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c).

_____    _____
Attorney(s) for Plaintiff(s)               Attorney(s) for Defendant(s)
Address                               Address
Telephone                            Telephone

_____    _____
Attorney(s) for _____       Attorney(s) for _____
Address                                 Address
Telephone                              Telephone

(Separately executed forms may be submitted.  See Fed. R. Civ. P. 73(b).)

SO ORDERED.


_____
                         U.S.D.J.

Magistrate Judge Peck was assigned this case on _____.


                        _____
                         For:  Clerk U.S.D.C. S.D.N.Y.

A copy of this Notice must be served by the plaintiff with the complaint on all adversary parties, and attached to any third-party complaint served by a defendant.

## RIGHT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D.N.Y. Local Civil Rule 73.1, the United States Magistrate Judges of the Southern District of New York have jurisdiction, with the consent of all parties, to conduct any or all proceedings in a civil case, including jury or non-jury trials, and order the entry of judgment. Trial before a Magistrate Judge proceeds in the same manner as trial before a District Judge.

The Magistrate Judge previously designated for the case will conduct the consent proceedings. If no Magistrate Judge has been designated, one will be drawn by lot to preside.

In accordance with 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c), appeal in a consent proceeding lies to the United States Court of Appeals for the Second Circuit as it would from any judgment of the district court.

The decision to consent, or not to consent, to proceed before a Magistrate Judge under § 636(c) is entirely voluntary. Only if all parties to the case consent to the reference will either the District Judge or Magistrate Judge be informed of the decision. Fed. R. Civ. P. 73(b).

If the parties in this action consent to proceed before a Magistrate Judge, the attached consent form should be signed by counsel for all parties and submitted to the Judgment and Orders Clerk in Room 120 of the Courthouse at 500 Pearl Street or Room 167 of the White Plains Courthouse. Separately executed forms may be submitted. See Fed.R. Civ. P. 73(b).

*Wot #1*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

BRIAN CARMICHAEL,                          :
                                           :
                Petitioner,                :
                                           :
                                           :
        -against-                          :        14 Civ. ___
                                           :
PAUL CHAPPIUS, Superintendent,             :
Elmira Correctional Facility,              :
                                           :
                Respondent.                :

-------------------------------------------------------------x

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

To the Honorable Judge of the United States District Court for the Southern District of New York:

[Preliminary explanation: The allegations in this petition are in the form dictated by the Model Form for use in applications for habeas corpus under 28 U.S.C. § 2254 cases in the United States District Courts.]

Paragraphs one through twelve state the history of the state court proceedings; paragraph thirteen lists the exhibits; paragraphs fourteen through twenty-eight state the federal constitutional claims; paragraphs twenty-nine through thirty-two contain required technical information.

Procedural History

1.   The name and location of the court which entered the judgment of conviction and sentence under attack is:  Supreme Court of the State of New York, New York County.

2.   The date of the judgment of conviction is December 10, 2007.

3.   Brian Carmichael was sentenced to three concurrent prison terms of seventeen years, to be followed by five years of post-release supervision.  Mr. Carmichael is confined at Elmira Correctional Facility, PO Box 500, 1879 Davis Street, Elmira, NY, 14901, under the legal custody of the respondent, Paul Chappius, who is the Superintendent of Elmira Correctional Facility.  Mr. Carmichael's prison number is 07A6941.

4.   The offenses involved are three counts of criminal sale of a controlled substance in the second degree, N.Y. Penal Law § 220.41(2).

5.   Mr. Carmichael pleaded not guilty to the offenses charged.

6.   The trial on the issue of guilt or innocence was conducted before a jury.

7.   Mr. Carmichael did not testify at trial.

2

8. Mr. Carmichael appealed his conviction.

9. The facts of Mr. Carmichael's state court direct appeal are as follows:

The Appellate Division, First Department, of the Supreme Court of the
State of New York affirmed Mr. Carmichael's conviction on May 25,
2010.  People v. Carmichael, 73 A.D.3d 622 (N.Y. Sup. Ct. 1ˢᵗ Dep't
2010), lv. denied, 16 N.Y.3d 797 (2011), Exs. B-1, B-2.  This order
affirmed a judgment of conviction rendered on December 10, 2007, by
the Supreme Court, New York County (Straus, J.), convicting Brian
Carmichael, after a jury trial, of three counts of criminal sale of a
controlled substance in the second degree, N.Y. Penal Law § 220.41(2),
and sentencing him to three concurrent prison terms of seventeen years,
to be followed by five years of post-release supervision.

10.  Mr. Carmichael petitioned for a writ of certiorari to the United States
Supreme Court to review the judgment of the Supreme Court of New York, Appellate
Division, First Department.  The petition was denied on October 3, 2011.  Carmichael
v. New York, 132 S. Ct. 199 (2011), Ex. B-3.

11.  Subsequently, on August 21, 2012, Mr. Carmichael filed a motion to
vacate the judgment of conviction, pursuant to New York Criminal Procedure Law

Section 440.10. The motion was denied by an order of the Supreme Court, New York County (Hayes, J.S.C.), dated December 14, 2012. See Ex. C-2. Mr. Carmichael sought leave to appeal to the Supreme Court, Appellate Division, First Department, and an order granting leave to appeal was issued on May 8, 2013. See Ex. C-3. By a decision dated June 24, 2014, the Supreme Court, Appellate Division, First Department, affirmed the motion court's decision. People v. Carmichael, 118 A.D.3d 603 (N.Y. Sup. Ct. 1st Dep't 2014), Ex. C-4. Mr. Carmichael sought leave to appeal to the New York Court if Appeals, which was denied by an order dated November 12, 2014. See Ex. C-5.

12. Brian Carmichael has filed no other proceedings in state or federal court challenging his judgment of conviction and sentence.

## CITATION TO PETITIONER'S EXHIBITS

13. Undersigned counsel is filing, contemporaneously with filing the Petition for a Writ of Habeas Corpus, exhibits containing relevant documents from the record in the State trial and appellate courts. These exhibits consist of three categories and are designated as Exhibit A through Exhibit C. References to these documents in the Petition and accompanying Memorandum of Law will be cited as "Ex. [letter]." The exhibits are as follows:

4

Exhibit A:  Minutes of Voir Dire, <u>People v. Brian Carmichael</u>, N.Y. Co. Ind. No. 870/07

Exhibit B:  Documents pertaining to the direct appeal to the New York Supreme Court, Appellate Division, First Department:

| Exhibit B-1: | Decision of the New York Supreme Court, Appellate Division, First Department, dated May 25, 2010 |
| Exhibit B-2: | Certificate Denying Leave to Appeal to the New York Court of Appeals, dated February 24, 2011 |
| Exhibit B-3: | Certificate Denying Certiorari, dated October 3, 2011 |

Exhibit C:  Documents pertaining to the Motion to Vacate the Judgment:

| Exhibit C-1: | Affirmation of James Palumbo, Esq., dated June 26, 2012 |
| Exhibit C-2: | Decision of the New York Supreme Court (Hayes, J.S.C.), dated December 14, 2012 |
| Exhibit C-3: | Certificate Granting Leave to Appeal, to the New York Supreme Court, Appellate Division, First Department, dated May 8, 2013 |
| Exhibit C-4: | Decision of the New York Supreme Court, Appellate Division, First Department, dated June 24, 2014 |
| Exhibit C-5 | Certificate Denying Leaving to Appeal to the New York Court of Appeals, dated November 12, 2014 |

## GROUNDS OF UNCONSTITUTIONALITY OF
## PETITIONER'S CONVICTION AND SENTENCE

14.  This petition for a writ of habeas corpus contains the basic facts in
support of the constitutional issues presented by this case.  A more extensive
memorandum of law in support of the petition is being filed contemporaneously
with this petition.  On the constitutional issues raised in this petition, the state
court "adjudication of the claim . . . resulted in a decision that was contrary to,
[and] involved in an unreasonable application of, clearly established Federal law
as determined by the Supreme Court of the United States."  28 U.S.C. §
2254(d)(1).  Further, the state court decision on the relevant factual question –
whether a prima facie claim of discrimination in the exercise of peremptory
challenges had been established – was unreasonable, when viewed under the
required "clear and convincing" standard.  See 28 U.S.C. § 2254(d)(2).

### BRIAN CARMICHAEL'S RIGHTS UNDER BATSON V.
### KENTUCKY WERE DENIED BY APPLICATION OF A NEW
### YORK STATE RULE IN CONTRAVENTION OF BATSON.

15.  At Mr. Carmichael's trial in state court, the defense made four Batson
challenges based on a stark pattern of exclusion of African-American individuals
from the jury by the prosecutor.  While clearly established federal constitutional
law, as set out by the Supreme Court in Batson, makes clear that this stark pattern

was sufficient to meet the "non-onerous" burden of demonstrating a prima facie case of discrimination in the exercise of peremptory challenges, the state courts applied a heightened New York rule and denied the <u>Batson</u> challenges.  In applying the New York rule, which requires "other facts or circumstances" in addition to numerical evidence, the state courts both acted contrary to clearly established federal law, and unreasonably applied that law.

<u>Background</u>

16.  Brian Carmichael was sentenced to three concurrent prison terms of seventeen years after being convicted of selling small amounts of methamphetamine to Denise May, a drug dealer and the main prosecution witness. Ms. May testified that, on three occasions, on November 3, 16, and 22 of 2006, she bought methamphetamine from Brian Carmichael and that she, after taking her profit of thirty-five percent, T. 918,[1] sold the drugs in question to a person she believed to be a drug dealer.  This person was, in fact, an undercover police officer.

---

[1] The trial transcript is cited as "T." followed by the page number.

Jury Selection:  Relying on New York's "Other Facts or Circumstances" Rule, the Trial Court Denies Each of the Four Defense Batson Challenges

17.  After the first round of jury selection, defense counsel made a challenge pursuant to Batson v. Kentucky, 476 U.S. 79 (1986), based on the fact that the prosecution had used peremptory challenges to remove all the African-American members of the panel.  VD. 180-81.[2]  As counsel explained, the panel was "sparse of minorities," VD. 181, and the prosecutor had used peremptory challenges to remove the only two African-American members of the venire, VD. 181, demonstrating a "pattern," VD. 181, of excluding African-American individuals from the jury.  Even with an exclusion rate of 100 percent, the court rejected the challenge based on its conclusion that the defense had failed to establish a prima facie case of discrimination.  VD. 181-82.  The judge's reasoning was as follows: "that by itself does not constitute prima facie showing of a pattern of use of strike[s] in a discriminatory way requiring us to go on to step two of the Batson procedure."  VD. 181 (emphasis added).  The judge further stated that he was relying on People v. Brown, 97 N.Y.2d 500 (2002), the New York Court of Appeals case that sets out the "other facts or circumstances" rule.  VD. 182.

---

[2] The transcript of the voir dire, conducted September 17-20, 2007, is cited as "VD." followed by the page number.

8

18. The next day, after the second round of jury selection, the defense renewed its Batson application, based on the fact that three of the four African-American members of the first two panels (i.e. an exclusion rate of 75 percent) had been struck by the prosecution using peremptory challenges. VD. 320-21. Defense counsel explained, "We only considered four African Americans so far three of which have been [peremptorily] challenged by the People." VD. 321. (The fourth African-American individual, Ms. Boyd,[3] had been selected as a juror. VD. 320, 321.) In again finding the defense had failed to establish a prima facie case, the judge explained, "the statistical basis is not sufficient alone to raise a discriminatory use of a free peremptory challenge under New York law." VD. 323. (Also, while not factoring this into his decision, the trial judge stated that Yalira Velarde, who was struck by the defense by use of a peremptory challenge, was African-American. VD. 321-22. Defense counsel noted that he believed Ms. Velarde was Hispanic, and not African-American. VD. 322. On the question of Ms. Velarde's race/ethnicity, the judge ended the discussion by stating: "I am not saying you are right and I am wrong or the opposite." VD. 322.)

19. When the prosecution peremptorily challenged the very next African-American member of the venire, the defense made its third Batson challenge.

---

[3] This name also appears as "Bode" in the transcript.

9

Counsel explained: "Ms. Simmons is African American and it's now four out of five. Only had five." VD. 323B. Counsel continued, "I think at some point it becomes clear that there's a Batson issue here. I think we've reached that point. I would ask your Honor to make assistant district attorney Bayles state his reasons for his challenge[s] at this point." VD. 323B. At the time of the third Batson challenge, defense counsel estimated that 140 individuals had been considered during the two days of voir dire, and that only five had been African-American. VD. 323B. (The trial judge took the position that six individuals were African-American, as he included Ms. Velarde in this group, even though the question of her race/ethnicity remained unresolved. See supra; VD. 322.)

20.   Again relying on New York law, the trial judge found the numerical evidence presented by the defense insufficient to establish a prima facie case of discrimination in the exercise of peremptory challenges. VD. 323B-C. He explained, "Again under the case law of our state . . . decision on the percentage aspect of the challenges under New York law pursuant to our court of appeals are generally not sufficient to raise or recreate an inference or create a prima facie case of discriminatory use of peremptory challenges." VD. 323B-C. The trial judge further stated, "If that's the basis of the challenge I note it. Whether in your mind it's the five, my calculation four out of six, that's the only basis for the

10

challenge then the challenge or objection has to be denied." VD. 323C.

Demonstrating his understanding that numerical evidence, specifically the

exclusion rate, is sufficient to establish a prima facie case of discrimination in the

exercise of peremptory challenges, defense counsel stated, "I don't know what

other basis there could possibly be, other than statistical basis on its face has to be

based on the number that we consider and the number of challenges exercised.  I

don't see any potential basis that I can cite other than the numbers." VD. 323C.

    21.  The defense made a fourth and final Batson application after the

prosecution used peremptory challenges to remove the only two African-American

individuals being considered as alternate jurors.  VD. 420.  Considering not only

the alternate pool, but all the panels, defense counsel explained that, of the

approximately 210 individuals who had been considered for the jury, eight were

African-American, and the prosecution used peremptory challenges to remove six

of those eight individuals from the jury.  VD. 420.  He stated, "I see a clear pattern

of challenging African Americans." VD. 420.  In response, the trial judge

confirmed that the defense was again relying on statistical evidence, specifically

the exclusion rate, in establishing a prima facie case of discrimination in the

exercise of peremptory challenges.  He asked, "That's the basis of your challenge

or objection to the exercise of peremptory challenges?" VD. 421.  The trial judge

again found statistical evidence insufficient to meet the burden of establishing a

prima facie case of discrimination.  He explained, "the statistical analysis <u>by itself</u>

does not . . . create a prima face case requiring us to go on to step two of the

analysis so the challenge must be denied."  VD. 421 (emphasis added).

<u>New York's "Other Facts or Circumstances" Rule, for Establishing a Prima Facie
Case of Discrimination in the Exercise of Peremptory Challenges</u>

22.  The rule that the trial judge applied in response to Mr. Carmichael's

four <u>Batson</u> challenges was articulated in <u>People v. Brown</u>, 97 N.Y.2d 500 (2002).

In <u>Brown</u>, the New York Court of Appeals held that, "A disproportionate number

of strikes used against members of a particular racial or ethnic group may be

indicative of a discriminatory pattern, but such a fact is rarely conclusive in the

absence of other facts or circumstances."  <u>Id.</u> at 507.  In <u>People v. Hecker</u>,

15 N.Y.3d 625 (2010), the New York Court of Appeals re-affirmed the <u>Brown</u>

holding, <u>id.</u> at 651, and explained that, absent a 100 percent exclusion rate,  New

York law requires "other factors [in addition to numerical evidence] on the record

to meet the step one burden."  <u>Id.</u> at 653-54.  This clear rule of New York law is

consistently followed by the lower New York courts, as in Mr. Carmichael's case.

<u>See, e.g.</u>, <u>People v. Santos</u>, 105 A.D.3d 1064, 1065 (N.Y. Sup. Ct. 2[d] Dep't 2013);

<u>People v. Simmons</u>, 84 A.D.3d 1120, 1121-22 (N.Y. Sup. Ct. 2[d] Dep't 2011);

12

People v. Cobb, 77 A.D.3d 673, 673 (N.Y. Sup. Ct. 2$^d$ Dep't 2010); People v.

Hunt, 50 A.D.3d 1246, 1247 (N.Y. Sup. Ct. 3$^d$ Dep't 2008); People v. Glenn,

7 A.D.3d 314, 315 (N.Y. Sup. Ct. 1st Dep't 2004).

Applying the New York "Other Facts or Circumstances" Rule, the Intermediate
Appellate Court Affirms the Trial Court's Finding of No Prima Facie Case of
Discrimination

      23. Brian Carmichael appealed his conviction to the Appellate Division,

First Department.  With respect to the Batson issue presented in this petition, the

First Department held:

> The court properly denied defendant's applications made pursuant to
> Batson v. Kentucky, 476 U.S. 79 (1986).  Viewing jury selection as a
> whole, we conclude that defendant did not meet his burden at step
> one of the inquiry.  Defendant did not produce "evidence sufficient to
> permit the trial judge to draw an inference that discrimination ha[d]
> occurred" in the exercise of peremptory challenges (Johnson v.
> California, 545 U.S. 162, 170 (2005)). While numerical evidence may
> suffice, in this case it did not warrant an inference of discrimination.

People v. Carmichael, 73 A.D.3d 622 (N.Y. Sup. Ct. 1st Dep't 2010), Ex. B-1.  Mr.

Carmichael sought leave to appeal to the New York Court of Appeals, which was

denied.  People v. Carmichael, 16 N.Y.3d 797 (2011), Ex. B-2.  Mr. Carmichael

then sought a writ of certiorari, which was denied.  Carmichael v. New York,

132 S. Ct. 199 (2011), Ex. B-3.

## BRIAN CARMICHAEL WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY HIS ATTORNEY'S LACK OF AWARENESS OF THE NEW YORK STANDARD FOR ESTABLISHING A PRIMA FACIE CASE OF DISCRIMINATION IN THE EXERCISE OF PEREMPTORY CHALLENGES.

24.  A minimum requirement of effective counsel is knowledge of the prevailing law.  Mr. Carmichael's trial attorney has admitted, however, that he was unaware that the New York courts apply a heightened "other facts or circumstances" rule to Batson challenges based on numerical evidence.  Unaware of the controlling New York law, counsel was unable to effectuate Mr. Carmichael's rights under Batson.  This serious lapse denied Mr. Carmichael of his right to effective assistance of counsel.  U.S. Const. amends. VI, XIV; Strickland v. Washington, 466 U.S. 668, 688 (1984).

### Brian Carmichael Moves to Vacate the Judgment by Way of a State Criminal Procedure Law Section 440.10 Motion

25.  Subsequent to his conviction being affirmed by the Appellate Division, First Department, Mr. Carmichael moved, pursuant to New York Criminal Procedure Law Section 440.10, to vacate the judgment of conviction, based on, inter alia, trial counsel's lack of awareness of New York's "other facts or circumstances rule," which controls the establishment of a prima facie case of discrimination in the exercise of peremptory challenges.  Mr. Carmichael

14

demonstrated that there were a number of "other facts or circumstances" that could have met the New York standard, but which trial counsel failed to articulate as part of his Batson challenges.  In Brown, the New York Court of Appeals gave as an example of "other facts or circumstances," that the members of the panel had "proprosecution backgrounds."  97 N.Y.2d at 507.  There was ample proof of this kind in this case, but defense counsel – due to his lack of understanding of his obligations under New York law – failed to provide it.  Ms. Boiken,[4] who was peremptorily challenged by the prosecution, volunteered that her aunt was a New York Police Department lieutenant, VD. 107-08, 146; similarly, Ms. Simons volunteered that her uncle was a retired member of the FBI.  VD. 250.  Also, Ms. Hamilton[5] and Ms. Grant both volunteered that they had multiple friends and family members who were members of law enforcement.  VD. 101-02, 248.

26.  As part of his motion to vacate the judgment of conviction, Mr. Carmichael submitted a sworn statement from trial counsel in which counsel explained, "I made four Batson applications, as it appeared that the prosecutor was attempting to remove African-American individuals from the jury.  The pattern of the prosecutor's peremptory strikes was very stark, so I relied on the numerical

---

[4] This name also appears as "Boyton" in the transcript.

[5] This name also appears as "Hampton" in the transcript.

15

pattern.  At the time, I believed this was sufficient to meet my burden at step one

of <u>Batson</u>."  Affirmation of James Palumbo, Esq., dated June 26, 2012, at Ex. C-1,

¶ 7.  Counsel further stated, "When I spoke to [appellate counsel], she told me that

there are a number of [New York] cases that say that, at step one, a lawyer has to

provide other evidence of discrimination – beyond the numerical pattern.  I had

never understood this to be the moving party's burden at step one – I had thought

the moving party was not required to provide this type of 'other' information

unless the <u>Batson</u> application progressed to step three."  <u>Id.</u>

 27.  The trial-level court denied the motion.  With respect to the aspect of

Mr. Carmichael's claim of ineffective assistance of counsel dealing with trial

counsel's failure to understand and act in accordance with New York law

regarding <u>Batson</u>, the motion court suggested that additional evidence is not

always "required" at step one of <u>Batson</u>, under New York law.  <u>See</u> Decision of

Roger S. Hayes, J.S.C, dated Dec. 14, 2012, at Ex. C-2, at 11.  In the alternative,

with respect to this aspect of the claim of ineffective assistance of counsel, the

motion court found that Mr. Carmichael failed to demonstrate that he would have

ultimately prevailed with the <u>Batson</u> challenges.  <u>Id.</u>

 28.  Mr. Carmichael sought and was granted leave to appeal by the

intermediate appellate court, which ultimately affirmed the lower court's decision

16

denying the motion to vacate. <u>People v. Carmichael</u>, 118 A.D.3d 603 (N.Y. Sup.

Ct. 1st Dep't 2014), C-4.  Regarding counsel's failure to meet the New York

standard for establishing a prima facie case of discrimination in the exercise of

peremptory challenges, the intermediate appellate court stated:

> Regardless of whether counsel should have made a more detailed
> attempt to establish a prima facie case of discrimination pursuant to
> <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), defendant has not shown
> that such efforts would have ultimately resulted in the seating of any
> jurors peremptorily challenged by the prosecutor.  In any event,
> defendant has not shown that any <u>Batson</u> violation resulted in an
> unfair jury (<u>see</u> <u>Morales v. Greiner</u>, 273 F. Supp.2d 236, 253
> (E.D.N.Y.2003)).

<u>Id.</u>  Mr. Carmichael sought leave to appeal this decision to the New York Court of

Appeals, which was denied.  <u>See</u> Ex. C-5.

### REQUIRED INFORMATION

29.  There are no petitions or appeals pending presently in any state or

federal court relating to the judgment under attack.

30.  Brian Carmichael was represented by the following attorneys:

a) in the trial court, by James Palumbo, Esq., 12516C Queens Blvd., Kew

Gardens, New York 11415-1503.

b) on appeal, in a motion to vacate the judgment of conviction, and on a

petition for certiorari, by Richard M. Greenberg, Esq., Office of the

Appellate Defender, 11 Park Place, Suite 1601, New York, New York 10007.

31. Brian Carmichael was sentenced on more than one count of an indictment, but was not sentenced on more than one indictment in the same court at the same time.

32. Brian Carmichael is not serving any sentence other than the sentence under attack in this proceeding.

WHEREFORE, Brian Carmichael prays that this Court:

1. Issue a writ of habeas corpus to have Petitioner brought before it to the end that he may be discharged from his unconstitutional confinement;

2. Permit Petitioner, who is indigent, to proceed without prepayment of costs or fees;

3. Require Respondent to furnish a transcript of the entire trial and state post-conviction record pursuant to Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts; and,

4. Grant such other and further relief as may be just and proper.

Dated:      New York, NY
            December 10, 2014

Respectfully submitted,

_____
RICHARD GREENBERG, ESQ. (RG-5556)
SARA GURWITCH, ESQ.
Attorneys for Petitioner Brian Carmichael
OFFICE OF THE APPELLATE DEFENDER
11 Park Place, Suite 1601
New York, New York 10007
(212) 402-4100

19

## VERIFICATION

RICHARD M. GREENBERG, ESQ., an attorney duly admitted to practice in the State of New York, hereby affirms under penalties of perjury:

I am an attorney for the Petitioner, BRIAN CARMICHAEL, in this habeas corpus proceeding, and I have read the foregoing petition. As to matters within my personal knowledge, I allege that such matters stated therein are true. As to other matters stated therein, I allege on information and belief that they are true. Such information and belief is based on my examination of court records and transcripts pertaining to this case.

Dated:      New York, New York
            December 10, 2014

                                    _____
                                    RICHARD M. GREENBERG