SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: CRIMINAL TERM
------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

               : Indictment No.
                4958-1995

    -against-          :

BRIAN CARMICHAEL,        : CPL § 440.10

        Defendant.    :
------------------------------------------------------------------x

  Cyrus Vance, Jr., District Attorney, New York County (ADA Dan Rather, of counsel) for the People.

  Office of the Appellate Defender (Sara Gurwitch, Esq., of counsel), for defendant.

Honorable Roger S. Hayes:

  On October 17, 2007, following a jury trial, defendant was convicted of three counts of Criminal Sale of a Controlled Substance in the Second Degree (PL § 220.41[2]), but was acquitted on four drug possession charges for drugs found in his moving van, storage facility, and on his person on the day of his arrest. On December 10, 2007, defendant was sentenced as a second felony offender previously convicted of a violent felony, to three concurrent terms of seventeen years imprisonment (J. Straus).[1]

  On May 25, 2010, defendant's conviction was affirmed (*see People v Carmichael*, 73 AD3d 622 [1st Dept 2010]) and on February 24, 2011, the Court of Appeals denied leave to appeal (*see People v Carmichael*, 16 NY3d 797 [2011]). On

---

[1] Judge Straus is retired from the New York Supreme Court, Criminal Term.

October 3, 2011, the United States Supreme Court denied certiorari (*see Carmichael v New York*, 132 SCt 199 [2011]).

Now, by papers dated August 21, 2012, defendant has filed a motion to vacate judgment contending trial counsel provided ineffective assistance by: failing to include a Sixth Amendment claim in his request to suppress defendant's statement to the prosecutor; failing to include additional arguments in his *Batson* challenge; and failing to investigate and present exculpatory evidence. Additionally, he contends his due process rights were violated when the People presented misleading and inaccurate information to the jury.

On October 5, 2012, the People filed a response in opposition, and on October 17, 2012, defendant filed a sur-reply. On October 19, 2012, the People filed an additional letter to clarify the record.

## Conclusions of Law

**Procedural Grounds**

The People assert this motion should be dismissed on procedural grounds, in part because the underlying merits of defendant's ineffective assistance of counsel claim have already been considered and rejected by the First Department. Therefore, as the People contend, this claim must be denied pursuant to CPL § 440.10(2)(a).

The Court disagrees. Because review on direct appeal is limited to the record, (*see People v Cruz*, 293 AD2d 412 [1st Dept 2002]) and most claims of ineffective assistance

of counsel contain supporting evidence and arguments which fall outside the record, these claims are typically required to be raised in a post-conviction petition, as is the case here. Accordingly, CPL § 440.10(2)(a) does not preclude this Court's review of defendant's ineffective assistance of counsel claim, which contains evidence and argument which fall outside the record.

The People also assert defendant's due process claim is procedurally barred because although there was an adequate record for appellate review, defendant failed to raise this claim on direct appeal (*see* CPL § 440.10[3][a]). The Court agrees. On direct appeal, defendant challenged the trial court's denial of counsel and defendant's proposed hybrid representation and denial of trial counsel's request for a two-week adjournment. Additionally, defendant challenged the court's *Batson* ruling, the court's finding defendant to be a second felony drug offender previously convicted of a violent felony, and its ruling precluding certain evidence offered by the defendant. The First Department rejected all of these contentions. Notably, defendant did not assert that the People presented misleading and inaccurate information to the jury regarding defendant's reasons for having a moving van. The matter of defendant's lack of a home was discussed at defendant's bail application, and again at trial and there was a sufficient record for the appellate court to have conducted adequate appellate review of the issue. Nevertheless, there was no such review due to defendant's "unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him" (*see* CPL § 440.10[2][c]; *see also People*

3

v *Felton*, 239 AD2d 120, 121 [1st Dept 1997]). As such, this claim is procedurally barred from review (*see id.*). To the extent defendant asserts this claim includes evidence outside the record and thus review was not possible on direct appeal, the Court notes the record was sufficient. Counsel attempted to present evidence through his private investigator's testimony that would have confirmed defendant had been evicted, and hoped to have this testimony corroborated by New York City Department of Housing. However, the People argued and the court concluded that this testimony was not relevant, and it was precluded. Defendant cannot simply attach an affidavit in support of a claim and argue the claim contains evidence beyond the scope of the record, and thus requires review. The additional affidavits supplied by defendant confirming defendant had been evicted would have added nothing to counsel's argument at trial. Indeed, the trial court did not conclude the investigator's testimony was insufficient, but rather concluded this testimony was not relevant, and the First Department found this resulted in no prejudice (*see Carmichael*, 73 AD3d at 623).

Although the Court finds defendant's due process claim is procedurally barred from review, in an abundance of caution, the Court has reviewed both of the contentions from defendant's motion, and has found the contentions do not warrant relief.

**Merits**

In a motion filed pursuant to CPL § 440, it is the defendant's burden to support his claims, and this Court must consider the reliability of an allegation in deciding whether to

grant an evidentiary hearing (*see People v Fields*, 287 AD2d 577, 578 [2d Dept 2001]). Conclusory allegations are not sufficient to warrant an evidentiary hearing (*see People v Brown*, 56 NY2d 242, 247 [1982]).

Ineffective Assistance of Counsel

Defendant contends trial counsel provided ineffective assistance based on a number of alleged errors.

The right to effective assistance of counsel in criminal proceedings is guaranteed by the New York and Federal Constitutions. The state standard for effective assistance of counsel has long been whether the defendant has been afforded meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]). Under the federal standard, "a defendant must show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense" (*Strickland v Washington*, 466 US 668, 687 [1984]). Simple allegations of an attorney's shortcomings do not suffice, but rather "it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for these alleged errors (*People v Benevento*, 91 NY2d 708, 712 [1998]). When a defendant claims counsel's failure to make a particular motion or argument led to ineffective assistance, he must show that the motion or argument had a likelihood of success (*see People v Mance*, 269 AD2d 188 [1st Dept 2000]).

**Sixth Amendment**

Defendant first contends trial counsel provided ineffective assistance when he

failed to include a Sixth Amendment basis in his argument to suppress a statement defendant made to an Assistant District Attorney. At issue is the question of whether this defendant unequivocally invoked his right to counsel when, during discussions with the Assistant, he stated "maybe I should get a lawyer."

*Law*

"[A] suspect who unequivocally requests the assistance of counsel may not be questioned further in the absence of an attorney" (*People v Harris,* 93 AD3d 58, 66 [2d Dept 2012], citing *People v Grice,* 100 NY2d 318, 320-21 [2003]). Indeed, "once a defendant in custody invokes his right to counsel, all of the guarantees implicit in that right are brought into place and a subsequent waiver of rights outside the presence of counsel cannot be given legal effect" (*People v Cunningham,* 49 NY2d 203, 210 [1980]), and that defendant "may not be questioned further in the absence of an attorney" (*Harris,* 93 AD3d at 66).

"Whether a particular request is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant's demeanor, manner of expression, and the particular words used by him" (*People v Jones,* 21 AD3d 429 [2d Dept 2005]). The standard for whether the right has been invoked is whether "a reasonable police officer in the circumstances would understand the statement to be a request for an attorney" (*Harris,* 93 AD3d at 67, citing *Davis v United States,* 512 US 452, 459 [1994]).

6

*Analysis*

In the instant case, one day following his arrest, defendant agreed to speak with an Assistant District Attorney. Defendant read and signed a written waiver of his *Miranda* rights. During discussions, the Assistant did not ask whether defendant sold drugs on the dates charged in the indictment, but defendant admitted he was a drug dealer and used hotels to facilitate drug sales. He told the Assistant he had "somebody really, really big to offer" and provided the name of another alleged drug dealer. When pressed, defendant admitted he had little direct contact with this alleged dealer, but suggested he could be let go in order to "work on that." The People declined defendant's offer. During this conversation defendant stated two or three times "maybe I should get a lawyer." The Assistant, who testified at trial, said he told defendant that was his absolute right, "[I]f you want to do that, just let me know, say the word and we'll stop right here and you can speak to a lawyer." The Assistant testified defendant then re-initiated their discussions.[2]

In support of this motion, trial counsel James Palumbo submitted an affidavit in which he stated that although he sought to suppress defendant's statement on the grounds: he was given insufficient notice; the statement should not be credited because it was not recorded; and it was not relevant, he did not seek to suppress – or move to re-open the suppression hearing – on the grounds that defendant had invoked his Sixth Amendment

---

[2] The circumstances of defendant's statements were not revealed until the trial, when the Assistant testified and it was discovered that defendant made the statement "maybe I should get a lawyer."

7

right to counsel before he made the statement, because he did not perceive that as a basis for suppression in this case. Counsel stated, "I now see that I should have argued that Mr. Carmichael had invoked his right to counsel."

*Analysis*

In similar circumstances, the First Department has concluded a defendant's statement to the police he "maybe" wanted a lawyer was not an unequivocal request for a lawyer (*see People v Wilson,* 93 AD3d 483 [1st Dept 2012]). Defendant attempts to distinguish *Wilson* on the grounds that defendant Wilson was not in custody, but the Court of Appeals concluded in similar case where defendant was in custody, that defendant's words "I think I need an attorney" do not unequivocally invoke the right to counsel in every instance *(see People v Porter,* 9 NY3d 966, 967 [2007] ["[D]efendant's words 'I think I need an attorney' coupled with the interviewing officer's interview and making a notation that defendant was 'asking for an attorney' demonstrates an unequivocal invocation of defendant's right to counsel. *This is not to say that utterance of the words defendant used would unequivocally invoke the right to counsel in every instance.* But on this record, where there were no additional facts upon which a contrary inference could be drawn, further inquiry by the police was not permitted"] *[emphasis supplied]*). Indeed, in *People v Esposito,* 68 NY2d 961 [1986], after defendant – who was in custody – stated "I might want a lawyer" the interrogating officer pointed defendant to an attorney directory after establishing defendant did not already have a

8

lawyer. The Court concluded, based on defendant's words and the understanding and reaction of the officer, that defendant had unequivocally invoked his right to counsel. Here, in contrast, the Assistant's response was not to stop the interview and direct defendant to an attorney directory (*cf Esposito, supra*) or to stop the interview and write down that defendant was requesting an attorney *(cf Porter, supra)* but rather to simply advise defendant that he had that right to speak with a lawyer and that then discussion would end. The defendant reinitiated the conversation without requesting counsel. The Court finds the Assistant's interpretation was reasonable under the circumstances, the defendant reinitiated the conversation and did not, unequivocally, invoke his Sixth Amendment right to counsel (*see Jones*, 21 AD3d at 429). As such, there is no likelihood that had counsel sought to suppress the statement on this basis, he would have been successful (*see Mance*, 269 AD2d at 188). Thus defendant cannot to demonstrate he did not receive meaningful representation (*see Henry*, 95 NY2d at 565), and under the federal standard, defendant cannot demonstrate prejudice from this omission (*see Strickland*, 466 US at 687).

**Batson Challenge**

Next defendant contends counsel erred when he failed to buttress his *Batson* challenge – based on numerical evidence of racial disparity – with an additional legal argument.

*Law*

When asserting a *Batson* claim, a defendant first "must present a prima facie case by showing that the prosecution exercised its peremptory challenges to remove one or more members of a cognizable racial group from the venire and that there exist facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race" (*see People v Childress*, 81 NY2d 263, 266 [1993], citing *Batson v Kentucky*, 476 US 79, 96-98 [1986]). In establishing a prima facie case, "'[t]here are no fixed rules for determining what evidence will give rise to an inference' of discrimination" (*People v Heckler*, 15 NY3d 625 [2010], citing *People v Bolling*, 79 NY2d 317 [1992]).

*Analysis*

As noted in defendant's brief on direct appeal, numerical evidence alone may establish a prima facie case for a *Batson* challenge (*see People v Guardino*, 62 AD3d 544, 545 [1st Dept 2009] ["While a purely numerical argument may give rise to a prima facie showing of discrimination . . . numbers alone may not automatically establish such a showing"]; *see also Carmichael*, 73 AD3d at 622 ["While numerical evidence may suffice, in this case, it did not warrant an inference of discrimination"]).

The Court finds counsel's *Batson* challenge based on numerical evidence alone is not dispositive of the claim that counsel was ineffective. The Court acknowledges that in 2002, the Court of Appeals held that "[a] disproportionate number of strikes used against

10

members of a particular racial or ethnic group may be indicative of a discriminatory pattern but such a fact is rarely conclusive in the absence of other facts or circumstances" (*People v Brown*, 97 NY2d 500, 507 [2002]). However, this does not mean, as defendant claims, that an additional argument is "required" in order to establish a prima facie case in step one of a *Batson* challenge.

Moreover, defendant is not clear what the basis of this additional argument would have been, and only suggests counsel should have added an argument about prospective jurors with "pro prosecution backgrounds" – akin to the argument made in *Brown* – and states this would have established a prima facie case for a *Batson* challenge. However, defendant offers no factual basis for such an argument in this instance, nor does he demonstrate how his *Batson* challenge would have then been successful. Instead, defendant merely states counsel should have included this additional argument, and therefore relief is warranted. The Court disagrees, and denies relief for this conclusory claim (*see Brown*, 56 NY2d at 247).

**Exculpatory Evidence**

Finally, defendant asserts trial counsel failed to obtain and present exculpatory evidence that would have contradicted the People's theory of the case; namely that defendant was using a moving van because he was being evicted from his apartment building.

*Analysis*

The Court finds this argument is not persuasive. The defendant was never convicted of any of the drug possession charges.[3] Rather, defendant was convicted on charges of Criminal Sale of a Controlled Substance based on his actions while under surveillance with another drug dealer weeks prior to the search of defendant's moving van and storage unit. Accordingly, counsel's alleged failure to investigate and present evidence of his eviction and the reasons for having hired a moving van did not result in prejudice. Further, as discussed in the procedural section above, defense counsel had attempted to introduce evidence demonstrating defendant had been evicted from his apartment through the testimony of an investigator. However, the People argued and the court concluded that this testimony was not relevant. Accordingly, the Court finds counsel's failure to present more evidence on a matter ruled not relevant does not warrant a finding that defendant did not receive meaningful representation (*see Henry*, 95 NY2d at 565). Indeed, as the People note, in light of defendant's extensive violent and criminal record, it may have been counsel's strategic decision not to have defendant's friends testify on behalf of defendant (*see Benevento*, 91 NY2d at 712).

Additionally, the Court notes there was overwhelming evidence against defendant, which included testimony from another drug dealer who testified against defendant,

---

[3] The jury did not reach a verdict on defendant's three charges of Criminal Possession of a Controlled Substance, as well as his Criminal Use of Drug Paraphernalia charge, based on the drugs retrieved from defendant's moving van, storage unit, and from his person the day of his arrest.

12

phone records, and defendant's presence on police video surveillance at two separate drug transactions with the other drug dealer. Nevertheless, trial counsel was successful when the jury could not reach a verdict on the charges related to possession on the day of the defendant's arrest.

Due Process

Defendant asserts the People violated the principles of due process when they presented false information to the jury regarding defendant's reasons for having rented a moving van.

The Court finds this claim resulted in no error, and does not warrant relief. Defendant was not convicted of any charges related to his use and rental of the moving van on the day of his arrest. Rather, he was convicted on charges stemming from drug transactions that occurred weeks before with another drug dealer. As such, even if there was error, it was harmless (*see People v Gilmore,* 66 NY2d 863, 867 [1985]).

## Conclusion

For the above stated reasons, defendant's motion pursuant to CPL § 440.10 is denied. The Court concludes the relief sought is based on a conclusory allegations, which

is insufficient to warrant the ordering of an evidentiary hearing (*see Brown*, 56 NY2d at 247).

This constitutes the Decision and Order of the Court.

New York, New York
December 14, 2012

                                    _____
                                    Roger S. Hayes, J.S.C.